**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ABDEL RAHMAN MOHAMMAD KHALA ALGHANANIM, | ) ) ) | |
| Petitioner, | ) ) | |
| -vs- | ) ) | NO. CIV-26-0069-HE |
| FRED FIGUEROA, et al., | ) ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Abdel Rahman Mohammad Khala Alghananim, a citizen of Jordan, was detained by United States Immigration and Customs Enforcement (ICE) officers on January 5, 2025. He is currently housed at the Diamondback Correctional Facility in Watonga, Oklahoma.

On January 16, 2026, counsel, on petitioner's behalf, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging petitioner's mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). He claims his detention, without the opportunity for release on bond, violates the Immigration and Nationality Act, certain bond regulations, and the Fifth Amendment due process clause. Petitioner asserts that 8 U.S.C. § 1226(a), which allows for release on bond, applies to him. The petition requests petitioner's release from custody, or alternatively, a bond hearing pursuant § 1226(a). As directed, the federal respondents filed a response to the petition, and petitioner filed a reply. The court, upon review, concludes the petition should be granted in part.

According to the petition, petitioner entered the United States on July 15, 2024. After entry, he was apprehended and detained by ICE. He was released on parole on November 27, 2024. While on parole, he resided in Haslet, Texas. When petitioner appeared at a scheduled check-in at his local ICE office, he was unexpectedly detained.

In their briefing, respondents acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), and similar rulings by other judges in this district [Doc. #7, ECF p. 9, n. 2, citing cases], concluding § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention. However, respondents point out the factual circumstances are distinguishable from those in Ramirez Rojas because petitioner filed an asylum application. They also rely upon rulings by two judges in this district and district courts outside this district, [Doc. #7, ECF p. 9, n. 2, citing cases] that have adopted their position. The court is cognizant of those rulings as well as the recent ruling by the Fifth Circuit Court of Appeals in Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), which agree with respondents' position. Upon review, the court declines to reconsider its prior ruling.[1] The conflicting decisions of the judges in this district and other districts and the 2-1 decision in Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow

---

[1] *In their briefing, respondents raise a jurisdictional argument not specifically address in Rameriz Rojas – the court lacks jurisdiction to consider petitioner's statutory claims because 8 U.S.C. § 1225(a)(5) and 1252(b)(9) channel claims related to removal orders to the appropriate court of appeals. For the same reasons stated in Perez v. Grant, Case No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026), the court rejects that argument.*

similar rulings by the judges in this district[2] and the Seventh Circuit Court of Appeals in Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025).   And even though petitioner filed an asylum application, the court has concluded that § 1225(b)(2)(A) still does not apply.  *See* Li v. Grant, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

---

[2] *See* *Lopez v. Corecivic Cimmaron Correctional Facility*, *Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* *Valdez v. Holt*, *Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* *Colin v. Holt*, *Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* *Escarcega v. Olson*, *Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[3] *The court declines to decide the merits of petitioner's bond regulations and the Fifth Amendment due process claims alleged in Counts II and IV of the habeas corpus petition in light of its ruling that § 1226(a) governs petitioner's detention.*

3

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

4