**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ABDEL RAHMAN MOHAMMAD KHALA ALGHANANIM, | ) ) ) | |
| Petitioner, | ) ) | |
| -vs- | ) ) | NO. CIV-26-0069-HE |
| FRED FIGUEROA, et al., | ) ) ) | |
| Respondents. | ) | |

## **ORDER**

On March 2, 2026, the court entered an order [Doc. #9] granting petitioner's 28 U.S.C. § 2241 petition in part. The court ordered respondents to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release petitioner if he has not received a lawful bond hearing within that period. The court ordered respondents to certify compliance by filing a status report within ten (10) business days. Judgment [Doc. #10] was entered the same day.

Four days later, respondents filed a notice [Doc. #11] stating that on February 26, 2026, petitioner requested and was granted voluntary departure. They indicate that petitioner was ordered to depart by March 17, 2026.

Petitioner has filed a reply to the respondents' notice [Doc. #12] indicating that he has filed a motion to reopen in the immigration court due to a misinterpretation by his former counsel of his position regarding voluntary departure. He asks the court to order his immediate release as the seven-day time period to hold his bond hearing has expired.

In the alternative, he asks the court to enforce the March 2nd order that he be provided with a bond hearing before an immigration judge within a short period of time.

Fed. R. Civ. P. 7(b)(1) provides that a "request for a court order must be made by motion." As petitioner has not filed a motion, the court will not address the relief sought in the reply.

**IT IS SO ORDERED**.

Dated this 12th day of March, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE